UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, SENIOR JUDGE
-------------------------------------------------------------------- X
CYBER POWER SYSTEMS (USA) INC.            :
                                          :
      Plaintiff,                       :
                                          :
      v.                               :    No. 20-cv-00124
                                          :
THE UNITED STATES,                        :
                                          :
      Defendant.                       :
-------------------------------------------------------------------- X

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

NEVILLE PETERSON LLP
*Counsel for Plaintiff Cyber Power Systems (USA) Inc.*

John M. Peterson
Patrick B. Klein
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Richard F. O'Neill
701 Fifth Ave. Ste. 4200-2159
Seattle, WA 98104
(206) 905-3648
roneill@npwny.com

Dated: July 11, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, SENIOR JUDGE
---------------------------------------------------------------------- X
CYBER POWER SYSTEMS (USA) INC.          :
                                        :
      **Plaintiff,**             :
                                        :
*v.*                                    :  No. 20-cv-00124
                                        :
THE UNITED STATES,                      :
                                        :
      **Defendant.**            :
---------------------------------------------------------------------- X

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

This Memorandum of Points and Authorities is submitted in support of plaintiff's motion *in limine* requesting that at trial of this action, which is scheduled to commence on August 8, 2022, Defendant's witness Linda Horacek be precluded from providing direct testimony. Plaintiff submits that in accordance with 28 U.S.C. § 2639, 28 U.S.C. § 2640, Rule 43 of the Rules of the United States Court of International Trade ("USCIT R."), and Federal Rules of Evidence ("FRE") 401, 602 and 701 that Ms. Horacek does not have personal knowledge upon which competent and/or relevant fact evidence can be given. She has not been identified as an expert witness in this action, and cannot offer opinion testimony regarding the dispositive question of law in this action, namely, whether plaintiff's products at bar are the product of "substantial transformations" performed in the Philippines. Nor does Ms. Horacek have competence to offer lay opinion testimony.

## FACTUAL BACKGROUND

Plaintiff commenced this action to contest U.S. Customs and Border Protection ("Customs" or "CBP") decision denying plaintiff's protest against the exclusion from entry of five (5) models of uninterruptible power supplies ("UPS") and one model surge voltages protector

("SVP") manufactured in the Philippines plant of plaintiff's affiliate, Cyber Power Systems Manufacturing Inc. ("CPSMI"). CBP officials at the Port of Minneapolis, Minnesota excluded the goods because plaintiff would not mark them as "Made in China." The issue presented is whether the operations performed on the subject UPS and SVP in the Philippines constituted a "substantial transformation," rendering the articles Products of the Philippines for purposes of determining country of origin marking under Section 304(a) of the Tariff Act of 1930, as amended 19 U.S.C. §1304(a). Ms. Horacek was the import specialist assigned to plaintiff's exclusion protest and signed the denial of plaintiff's protest.[1]

In the parties' pretrial exchanges, the Government has identified Ms. Horacek as a witness for its case in chief, identifying her as follows:

> Linda Horacek: an Import Specialist with the Electronics Center of Excellence and Expertise – Enforcement Division, U.S. Customs and Border Protection (CBP). Her responsibilities include enforcement, performing validation and compliance as well as other enforcement-related tasks along with verifying country of origin and reviewing production records of merchandise imported into the United States. As part of her responsibilities, she was assigned to work on Protest No. 3501-20-101425, the protest at issue in this action.

Mr. Horacek was deposed by plaintiff's counsel on September 9, 2020. At her deposition, she testified that she was made aware of the Homeland Security Investigations ("HSI") visit to the Philippines plant by the actions of plaintiff's counsel, and had no advance knowledge of the HSI agents' visit. Documents later obtained through discovery proved her testimony on this point to be false. *See* Deposition Transcript of Defendant's Rule 30(b)(6) Witness, Linda Horacek, of September 9, 2020 (hereinafter Exhibit ("Ex.") A) at 61:10-62:15

---

[1] Although Ms. Horacek signed the protest denial, there is no indication that she made the protest decision. Rather, evidence provided in discovery indicates that the decision was made in Customs Headquarters attorney Monika Brenner, Esq., in consultation with CBP National Import Specialist Karl Moosbrugger. *See* Ex. B, CBP Emails from January 2020, Bates USCBP 00000001324-00000001329.

This Court denied the parties' cross-motions for summary judgment, holding that "the factual details as to the extent and nature of Cyber Power's operations regarding the subject merchandise in the Philippines also remain in dispute." *Cyber Power Systems (USA), Inc. v. United States*, Court No 20-124, Slip Op. 22-17 (Feb. 24, 2022) at 18.

As discussed herein, Ms. Horacek has no personal knowledge of the manufacturing operations performed at CPSMI factory in the Philippines and lacks testimonial competence as a fact witness. Testimony regarding the consideration and denial of plaintiff's protest is irrelevant in this case because (1) Customs' protest decision is entitled to a statutory presumption of correctness, which is plaintiff's burden to overcome 28 U.S.C. § 2639(a)(1); and (2) this Court's scope of review in this action is limited to the record made *de novo* before the Court 28 U.S.C. § 2640(a)(1).

## ARGUMENT

### I. Ms. Horacek's Lacks Personal Knowledge Regarding the Operations Performed in CPSMI's Manufacturing Plant in the Philippines

USCIT R. 43(a) provides that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." FRE 401 provides that relevant evidence "has a tendency to make a fact more or less probable that it would be without the evidence" when "the fact is of consequence in determining the action." Fed. R. Evid. 401. In addition, FRE 602 provides that a witness may only testify if they "[have] personal knowledge of the matter." Fed R. Evid. 402. Ms. Horacek has no personal knowledge of operations performed at the Philippines plant.

At most, Ms. Horacek could testify as to her reasons for denying plaintiff's protest, but pursuant to 28 U.S.C. § 2639 and § 2640, such testimony is irrelevant in this case.

3

### A. Testimony Regarding Ms. Horacek's Consideration of Plaintiff's Protest is Made Irrelevant by 28 U.S.C. §§ 2639 and 2640

The only testimony Ms. Horacek might be competent to offer would be as to her actions in considering and signing the denial of plaintiff's administrative protest. However, such testimony is irrelevant to this action.

First, 28 U.S.C. § 2639(a)(1) cloaks Customs' protest determination with a statutory "presumption of correctness":

> [I]n any civil action commenced in the Court of International Trade under section 515, 516, or 516A of the Tariff Act of 1930, the decision of the Secretary of the Treasury, the administering authority, or the International Trade Commission is presumed to be correct. The burden of proving otherwise shall rest upon the party challenging such decision.

CBP need not present direct testimony justifying its decision to deny plaintiff's protest, for that decision is cloaked with a statutory presumption of correctness. Under this presumption, CBP is presumed to have found every fact necessary to sustain its decision. It is that presumption which plaintiff must overcome. This is true in exclusion cases such as this one, where, as the Court has indicated, questions of fact remain to be resolved[2]. In *M.B.I. Indus. v. United States*, 16 C.I.T. 495, 499, (1992), this Court noted:

> Customs' determinations of the admissibility of merchandise are presumptively valid. *United States v. H.M. Young Assoc., Inc.*, 62 CCPA 20, C.A.D. 1138, 505 F.2d 721 (1974); 28 U.S.C. § 2639(a)(1) (1992). To overcome that presumption, plaintiff must demonstrate that Customs' determination was erroneous. *Jarvis Clark Co. v. United States*, 2 Fed. Cir. (T) 70, 75, 733 F.2d 873, 878 (1984). The conclusion may be erroneous when any subsidiary fact presumed to be correct is disproved. *United States v. New York Merchandise Co.*, 58 CCPA 53, C.A.D. 1004, 435 F.2d 1315, 1318 (1970).

---

[2] Where there are no material facts in dispute, the presumption of correctness does not apply, and the determination to be made by the Court resolves into a pure question of law. *Universal Electronics Inc. v. United States*, 112 F.3d 488, 492 (Fed. Cir. 1997).

While the presumption of correctness does not carry great evidentiary weight, it can only be overcome by the introduction of evidence on the record before the Court, and the Court is required to decide protest cases on the basis of such *de novo* record.

> Thus, 28 U.S.C. § 2640 directs that case will be decided upon the record before the Court:
>
> The Court of International Trade shall make its determinations upon the basis of the record made before the court in the following categories of civil actions:
>
> > (1) Civil actions contesting the denial of a protest under section 515 of the Tariff Act of 1930

Although protest papers are deposited with the Court pursuant to USCIT R. 73.1, these documents are not in evidence. To the extent Ms. Horacek might wish to testify about how the protest decision was reached, her testimony is made irrelevant by the *de novo* record rule and the statutory presumption of correctness.

Reviewing these two provisions in another exclusion case, the Court has held "[u]nder the applicable scope and standard of review, **the court [does] not consider the actions of Customs at the administrative level**" *Jazz Photo Corp. v. United States*, 31 C.I.T. 1101, 1118 (2007) (emphasis added). "Under *de novo* review, the court does not examine the reasonableness of Customs' conduct but instead presumes that the factual determinations made by Customs are correct" *Id.* However, none of this prevents "consideration at trial *de novo* of additional evidence, documentary or otherwise" *ITT Corp. v. United States*, 24 F.3d 1384, 1388 (1994). "The purpose of this *de novo* review is to 'reach the correct result.'" *Horizon Lines, LLC v. United States*, 34 C.I.T. 1359, 1362 (2010); *citing Rheem Metalurgica S/A v. United States*, 20 C.IT. 1450, 1456 (1996) (citing *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878 (Fed. Cir. 1984)).

Therefore, testimony Ms. Horacek might be competent to give—for example, regarding her consideration of plaintiff's exclusion protest—is irrelevant in this action and outside the record

for review. This Court has held that *de novo* proceedings do not require the Government to produce a witness to testify regarding exclusions in a protest case. *See Jazz Photo Corp. v. United States,* 31 C.I.T. 1111 (2007). The same standard must hold true for when Customs wishes to produce a witness to discuss the agency's administrative actions. Defendant represents only that Ms. Horacek handled plaintiff's protest administratively. Testimony on that point is made irrelevant in this action by the statutory presumption of correctness and statutory requirement of *de novo* review. Ms. Horacek's testimony should be precluded on those grounds as irrelevant.

### B. The Court Should Exclude Ms. Horacek's Testimony Based on Lack of Testimonial Competence

Ms. Horacek's testimony is not only irrelevant, but it lacks testimonial competence. Ms. Horacek was listed as a fact witness by Defendant; however, she does not have the capacity to testify as to relevant facts in this case. According to FRE 602., "the witness who testifies to facts which can be perceived by the senses must have had an opportunity to observe and must have actually observed the fact." Fed. R. Evid. 602. At her deposition, Ms. Horacek testified that she has never been to the CPSMI plant in the Philippines, nor observed any operations there and lacks personal knowledge or observation of the operations performed there, either generally or with respect to the merchandise at bar. *See* Deposition Transcript of Defendant's Rule 30(b)(6) Witness, Linda Horacek, of September 9, 2020 (hereinafter Exhibit ("Ex.") A) at 50:22-24. The Government has made no proffer of any competence by Ms. Horacek's to testify as to what occurs at the CPSMI factory. Ms. Horacek is not a fact witness in this case and has never been to any Cyber Power facility and has not observed any operations in the Philippines, China, or Taiwan. Ms. Horacek only viewed documents pertaining to the products Plaintiff produced. A witness that does not have any personal knowledge and fails to explain how their knowledge is relevant to the case at hand, must be excluded. *United States Commodity Futures Trading Comm'n v Hunter Wise*

*Commodities, LLC*, 2014 WL 12385986, at *2 (S.D. Fla. 2014). The Defendant did not explain how Ms. Horacek's testimony is valuable to the issue of origin, as she never analyzed the substantial transformation of the products at issue. *See* Ex. A 82:19-86:19. In addition, Ms. Horacek is also not identified as an expert witness.

      **C.**      <u>**Ms. Horacek Has Not Been Qualified as an Expert Witness**</u>

Nor may Ms. Horacek testify as an expert witness in this action. She has not been identified as having any experience or training relative to the design, manufacture or testing of electronic or electrical apparatus, and she has no experience in manufacturing. Government counsel has not, with respect to Ms. Horacek, complied with any of the Court's rules for identifying expert witnesses. Nor would she be qualified as an expert even if disclosed. Ms. Horacek testified at her deposition that she has a degree in International Business from Muskingum University (Ex. A at 18:2-5) left the work force from 2000 to 2018 (Ex. A. at 12:24-13:7) and, upon her return to the workforce in 2018, received 7 weeks of import specialist training in Charleston, S.C., of which 2 days were devoted to country of origin subjects (Ex. A 18:6-20:7). Therefore, Ms. Horacek cannot testify as an expert at trial.

Nor is Ms. Horacek qualified to offer lay opinion testimony pursuant to FRE 701. This follows from her lack of personal knowledge regarding the manufacturing operations performed in the Philippines. While lay opinion testimony may be offered in certain circumstances, it must be based on personal observation of facts. *Silver State Solar Power South, LLC v. United States*, 2020 U.S. Claims LEXIS 2056 at *5 (Fed. Cl. 2020).

**II.**    **The Court Should Exclude Ms. Horacek's Testimony Based on Lack of Credibility.**

During Ms. Horacek's deposition she made untrue statements about her knowledge of the HSI agents unannounced visit to the CPMSI plant. Ms. Horacek claimed not to know about the

7

visit of July 23, 2020 until informed by plaintiff's counsel. Ex. A at 61:10-62:15 However, her emails produced in discovery proved otherwise, she was involved with planning the visit directly with HSI. *See* Ex. C. CBP Emails of July 20, 2020. If a "witness is found to tell two different stories, contradict themselves on the record that no reasonable jury could believe it, a court should not adopt this version of the facts." *Phillips v. Kelley Chevy, LLC.,* 2022 U.S. Dist. LEXIS 4266, 1, 13 (N.D. Ind. Jan. 7, 2022). A court may find inconsistent testimony can cast doubt on the witness's testimony. *Id.* at 13. While this may go to the weight accorded the testimony, the history of false testimony, coupled with lack of personal knowledge, makes it particularly inappropriate for the court to permit Ms. Horacek to testify as a direct witness at trial of this action.

The defendant is of course free to call Ms. Horacek as a rebuttal witness, should it be able to lay a foundation for her testimony. But the statutory presumption of correctness and the requirement that this case be tried *de novo* on the basis of the record made before this Court indicate that Ms. Horacek's proposed testimony is not part of a proper case in chief for defendant in this action.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff, Cyber Power Systems (USA), Inc., respectfully submits that the Court should grant its motion in limine and exclude the direct testimony of Linda Horacek, or limit such testimony only to such matters as the Court may conclude are relevant and as to which Ms. Horacek has testimonial competence.

Respectfully submitted,

NEVILLE PETERSON LLP
*Counsel for Plaintiff Cyber Power Systems (USA) Inc.*

/s/ John M. Peterson
John M. Peterson
Patrick B. Klein
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

/s/ Richard F. O'Neill
Richard F. O'Neill
701 Fifth Ave. Ste. 4200-2159
Seattle, WA 98104
(206) 905-3648
roneill@npwny.com

Dated: July 11, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, SENIOR JUDGE
------------------------------------------------------------------- X
CYBER POWER SYSTEMS (USA) INC.                :
                                              :
      **Plaintiff,**        :
                                              :
      *v.*                  :    No. 20-cv-00124
                                              :
**THE UNITED STATES,**                        :
                                              :
      **Defendant.**        :
------------------------------------------------------------------- X

## CERTIFICATE OF COMPLIANCE

      Pursuant to the U.S. Court of International Trade Standard Chambers Procedures, and in reliance upon the word count feature of the word processing program used to prepare the instant Memorandum, I, Patrick B. Klein, of Neville Peterson LLP, who is responsible for the instant Memorandum, certify that it contains 2,464 words.

      Respectfully submitted,

      /s/ Patrick B. Klein
          Patrick B. Klein