UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, SENIOR JUDGE
------------------------------------------------------------------ X
CYBER POWER SYSTEMS (USA) INC.                :
                                              :
      **Plaintiff,**                               :
                                              :
      *v.*                                       :   No. 20-cv-00124
                                              :
THE UNITED STATES,                            :
                                              :
      **Defendant.**                               :
------------------------------------------------------------------ X

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

            NEVILLE PETERSON LLP
            *Counsel for Plaintiff Cyber Power Systems (USA) Inc.*

            John M. Peterson
            Patrick B. Klein
            One Exchange Plaza
            55 Broadway, Suite 2602
            New York, NY 10006
            (212) 635-2730
            jpeterson@npwny.com

            Richard F. O'Neill
            701 Fifth Ave. Ste. 4200-2159
            Seattle, WA 98104
            (206) 905-3648
            roneill@npwny.com

Dated:  July 11, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, SENIOR JUDGE

------------------------------------------------------------------ X
CYBER POWER SYSTEMS (USA) INC.           :
                                         :
      **Plaintiff,**                         :
                                         :
      *v.*                                 :    No. 20-cv-00124
                                         :
THE UNITED STATES,                       :
                                         :
      **Defendant.**                         :
------------------------------------------------------------------ X

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

This Memorandum of Points and Authorities is submitted in support of plaintiff's motion *in limine* requesting that at trial of this action, which is scheduled to commence on August 8, 2022, Defendant's witness Karl Moosbrugger be precluded from providing direct testimony. Plaintiff submits that in accordance with 28 U.S.C. § 2639, 28 U.S.C. § 2640, Rule 43 of the Rules of the United States Court of International Trade ("USCIT R."), and Federal Rules of Evidence ("FRE") 401, 602 and 701, that Mr. Moosbrugger does not have personal knowledge upon which competent fact evidence can be given. He has not been identified as an expert witness in this action, and cannot offer opinion testimony regarding the dispositive question of law in this action, namely, whether plaintiff's products at bar are the product of "substantial transformations" performed in the Philippines. Nor does Mr. Moosbrugger have competence to offer lay opinion testimony.

### FACTUAL BACKGROUND

Plaintiff commenced this action to contest U.S. Customs and Border Protection ("Customs" or "CBP") decision denying plaintiff's protest against the exclusion from entry of five (5) models of uninterruptible power supplies ("UPS") and one model surge voltages protector ("SVP") manufactured in the Philippines plant of plaintiff's affiliate, Cyber Power Systems

Manufacturing Inc. ("CPSMI"). CBP officials at the Port of Minneapolis, Minnesota excluded the goods because plaintiff would not mark them as "Made in China." The issue presented is whether the operations performed on the subject UPS and SVP in Philippines constituted a "substantial transformation," rendering the articles Products of the Philippines for purposes of determining country of origin marking under Section 304(a) of the Tariff Act of 1930, as amended 19 U.S.C. § 1304(a). Mr. Moosbrugger was one of the import specialists assigned to assist in deciding plaintiff's protest at issue in this case. He ultimately helped make the decision to deny the protest and uphold the CBP exclusion.[1] In the parties' pretrial exchanges, the Government has identified Mr. Moosbrugger as a witness for its case in chief, identifying him as follows:

> Karl Moosbruger: a National Import Specialist with the National Commodity Specialist Division, CBP. His responsibilities include issuing prospective binding rulings regarding tariff classification; country of origin determination; and application of special trade provisions. His additional duties include advising Customs field personnel on import related issues, providing training to the importing community on specific commodity classification, advising on proposed Harmonized Tariff Schedule and Explanatory Note changes, miscellaneous tariff bill and product exclusion language, etc. He is currently the NIS responsible for the tariff headings covering automatic data processing machines (and units thereof), electric motors and generators, power supplies, and electrical switching and distribution apparatus. As a part of his responsibilities, he consulted with Ms. Horacek regarding the issue of country of origin. In connection with the merchandise at issue in this action, he reviewed documents provided by Cyber Power and samples of the merchandise.

Mr. Moosbruger was identified as a potential witness in Defendant's initial disclosures. He was not designated as the Defendant's USCIT R. 30(b)(6) witness. He submitted affirmations in support of the Government's motion for summary judgement. *See* ECF 61-6.

This Court denied the parties' cross-motions for summary judgment, holding that "the factual details as to the extent and nature of Cyber Power's operations regarding the subject

---

[1] Although Ms. Horacek signed the protest denial, there is no indication that she made the protest decision. Rather, evidence provided in discovery indicates that the decision was made in Customs Headquarters attorney Monika Brenner, Esq., in consultation with CBP National Import Specialist Karl Moosbrugger.

2

merchandise in the Philippines also remain in dispute." *Cyber Power Systems (USA), Inc. v. United States*, Court No 20-124, Slip Op. 22-17 (Feb. 24, 2022) at 18.

As discussed herein, Mr. Moosbrugger has no personal knowledge of the manufacturing operations performed at CPSMI factory in the Philippines and lacks testimonial competence as a fact witness. Testimony regarding the consideration and denial of plaintiff's protest is irrelevant in this case because (1) Customs' protest decision is entitled to a statutory presumption of correctness, which is plaintiff's burden to overcome, 28 U.S.C. § 2639(a)(1); and (2) this Court's scope of review in this action is limited to the record made *de novo* before the Court 28 U.S.C. § 2640(a)(1).

## **ARGUMENT**

### I. Mr. Moosbrugger Lacks Personal Knowledge Regarding the Operations Performed in CPSMI's Manufacturing Plant in the Philippines

USCIT R. 43(a) provides that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." FRE 401 provides that relevant evidence "has a tendency to make a fact more or less probable that it would be without the evidence" when "the fact is of consequence in determining the action." Fed. R. Evid. 401. In addition, FRE 602 provides that a witness may only testify if they "[have] personal knowledge of the matter." Fed R. Evid. 402. Mr. Moosbrugger has no personal knowledge of operations performed at the Philippines plant. To plaintiff's knowledge, Mr. Moosbrugger has not visited the CPSMI plant nor observed any operations there.

At most, Mr. Moosbrugger could testify as to his reasons for denying plaintiff's protest, but pursuant to 28 U.S.C. §§ 2639 and 2640, such testimony is irrelevant in this case.

3

### A. Testimony Regarding Mr. Moosbrugger's Consideration of Plaintiff's Protest is Made Irrelevant by 28 U.S.C. §§ 2639 and 2640

The only testimony Mr. Moosbrugger might be competent to offer would be as to his actions in considering and signing the denial of plaintiff's administrative protest. However, such testimony is irrelevant to this action.

First, 28 U.S.C. § 2639(a)(1) cloaks Customs' protest determination with a statutory "presumption of correctness":

> [I]n any civil action commenced in the Court of International Trade under section 515, 516, or 516A of the Tariff Act of 1930, the decision of the Secretary of the Treasury, the administering authority, or the International Trade Commission is presumed to be correct. The burden of proving otherwise shall rest upon the party challenging such decision.

CBP need not present direct testimony justifying its decision to deny plaintiff's protest, for that decision is cloaked with a statutory presumption of correctness. Under this presumption, CBP is presumed to have found every fact necessary to sustain its decision. It is that presumption which plaintiff must overcome. This is true in exclusion cases such as this one, where, as the Court has indicated, questions of fact remain to be resolved.[2] In *M.B.I. Indus. v. United States*, 16 C.I.T. 495, 499, (1992), this Court noted:

> Customs' determinations of the admissibility of merchandise are presumptively valid. *United States v. H.M. Young Assoc., Inc.*, 62 CCPA 20, C.A.D. 1138, 505 F.2d 721 (1974); 28 U.S.C. § 2639(a)(1) (1992). To overcome that presumption, plaintiff must demonstrate that Customs' determination was erroneous. *Jarvis Clark Co. v. United States*, 2 Fed. Cir. (T) 70, 75, 733 F.2d 873, 878 (1984). The conclusion may be erroneous when any subsidiary fact presumed to be correct is disproved. *United States v. New York Merchandise Co.*, 58 CCPA 53, C.A.D. 1004, 435 F.2d 1315, 1318 (1970).

---

[2] Where there are no material facts in dispute, the presumption of correctness does not apply, and the determination to be made by the Court resolves into a pure question of law. *Universal Electronics Inc. v. United States*, 112 F.3d 488, 492 (Fed. Cir. 1997).

4

While the presumption of correctness does not carry great evidentiary weight, it can only become by the introduction of evidence on the record before the Court, and the Court is required to decide protest cases on the basis of such *de novo* record.

> Thus, 28 U.S.C. § 2640 directs that case will be decided upon the record before the Court:
>
> The Court of International Trade shall make its determinations upon the basis of the record made before the court in the following categories of civil actions:
>
> > (1) Civil actions contesting the denial of a protest under section 515 of the Tariff Act of 1930

Although protest papers are deposited with the Court pursuant to USCIT R. 73.1, these documents are not in evidence. To the extent Mr. Moosbrugger might wish to testify about how the protest decision was reached, his testimony is made irrelevant by the *de novo* record rule and the statutory presumption of correctness.

Reviewing these two provisions in another exclusion case, the Court has held "[u]nder the applicable scope and standard of review, the court [does] not consider the actions of Customs at the administrative level" *Jazz Photo Corp. v. United States*, 31 C.I.T. 1101, 1118 (2007). "Under *de novo* review, the court does not examine the reasonableness of Customs' conduct but instead presumes that the factual determinations made by Customs are correct" *Id.* However, none of this prevents "consideration at trial *de novo* of additional evidence, documentary or otherwise" *ITT Corp. v. United States*, 24 F.3d 1384, 1388 (1994). "The purpose of this *de novo* review is to 'reach the correct result.'" *Horizon Lines, LLC v. United States*, 34 C.I.T. 1359, 1362 (2010); citing *Rheem Metalurgica S/A v. United States*, 20 C.IT. 1450, 1456 (1996) (citing *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878 (Fed. Cir. 1984)).

Therefore, testimony Mr. Moosbrugger might be competent to give—for example, regarding his consideration of plaintiff's exclusion protest—is irrelevant in this action and outside

the record for review. This Court has held that *de novo* proceedings do not require the Government to produce a witness to testify regarding exclusions in a protest case. *See Jazz Photo Corp. v. United States,* 31 C.I.T. 1111 (2007). The same standard must hold true for when Customs wishes to produce a witness to discuss the agency's administrative actions. Defendant represents only that Mr. Moosbrugger handled plaintiff's protest administratively. Testimony on that point is made irrelevant in this action by the statutory presumption of correctness and statutory requirement of *de novo* review. Mr. Moosbrugger's testimony should be precluded on those grounds as irrelevant.

      **B.**      **The Court Should Exclude Mr. Moosbrugger's Testimony Based on Lack of Testimonial Competence**

Mr. Moosbrugger's testimony is not only irrelevant, but it lacks testimonial competence. Mr. Moosbrugger is listed as a fact witness; however, he does not have the capacity to testify as to the facts in this case. According to FRE 602, "the witness who testifies to facts which can be perceived by the senses must have had an opportunity to observe and must have actually observed the fact." Fed. R. Evid. 602. Mr. Moosbrugger has never been to the CPSMI plant in the Philippines, nor observed any operations there and lacks personal knowledge or observation of the operations performed there, either generally or with respect to the merchandise at bar. The government has made no proffer of any competence by Mr. Moosbrugger to testify as to what occurs at the CPSMI factory. Mr. Moosbrugger is not a fact witness in this case and has never been to any Cyber Power facility and has not observed any Cyber Power manufacturing operations in the Philippines, China, or Taiwan. Mr. Moosbrugger only viewed documents pertaining to the products Plaintiff produced and samples from the shipment at issue.

A witness that does not have any personal knowledge and fails to explain how their knowledge is relevant to the case at hand, must be excluded. *United States Commodity Futures Trading Comm'n v. Hunter Wise Commodities, LLC,* 2014 WL 12385986, at *2 (S.D. Fla. 2014).

The Defendant did not explain how Mr. Moosbrugger's testimony is valuable to the issue of origin. In addition, Mr. Moosbrugger is also not identified as an expert witness.

### C. Mr. Moosbrugger Has Not Been Qualified as an Expert Witness

Nor may Mr. Moosbrugger testify as an expert witness in this action. He has not been identified as having any experience or training relative to the design, manufacture or testing of electronic or electrical apparatus, and has no experience in manufacturing. Government counsel has not complied with any of the Court's rules for identifying expert witnesses. Nor would he be qualified as an expert even if disclosed. Therefore, Mr. Moosbrugger's cannot testify as an expert at trial.

Nor is Mr. Moosbrugger qualified to offer lay opinion testimony pursuant to FRE 701. This follows from his lack of personal knowledge regarding the manufacturing operations performed in the Philippines. While lay opinion testimony may be offered in certain circumstances, it must be based on personal observation of facts. *Silver State Solar Power South, LLC v. United States*, 2020 U.S. Claims LEXIS 2056 at *5 (Fed. Cl. 2020).

The defendant is of course free to call Mr. Moosbrugger as a rebuttal witness, should it be able to lay a foundation for his testimony. But the statutory presumption of correctness and the requirement that this case be tried *de novo* on the basis of the record made before this Court indicate that Mr. Moosbrugger's proposed testimony is not part of a proper case in chief for defendant in this action.

**CONCLUSION**

For the reasons set forth herein, Plaintiff, Cyber Power Systems (USA), Inc., respectfully submits that the Court should grant its motion in limine and exclude the direct testimony of Karl Moosbrugger, or limit such testimony only to such matters as the Court may conclude are relevant and as to which Mr. Moosbrugger has testimonial competence.

Respectfully submitted,

NEVILLE PETERSON LLP
*Counsel for Plaintiff Cyber Power Systems (USA) Inc.*

/s/ John M. Peterson
John M. Peterson
Patrick B. Klein
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

/s/ Richard F. O'Neill
Richard F. O'Neill
701 Fifth Ave. Ste. 4200-2159
Seattle, WA 98104
(206) 905-3648
roneill@npwny.com

Dated:  July 11, 2022

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. LEO M. GORDON, SENIOR JUDGE**

---------------------------------------------------------------- X
**CYBER POWER SYSTEMS (USA) INC.**      :
                                        :
    **Plaintiff,**           :
                                        :
    *v.*                    :   No. 20-cv-00124
                                        :
**THE UNITED STATES,**                  :
                                        :
    **Defendant.**          :
---------------------------------------------------------------- X

## CERTIFICATE OF COMPLIANCE

Pursuant to the U.S. Court of International Trade Standard Chambers Procedures, and in reliance upon the word count feature of the word processing program used to prepare the instant Memorandum, I, Patrick B. Klein, of Neville Peterson LLP, who is responsible for the instant Memorandum, certify that it contains 2,208 words.

    Respectfully submitted,

    /s/ Patrick B. Klein
        Patrick B. Klein