UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, SENIOR JUDGE

---------------------------------------------------------------------- X
CYBER POWER SYSTEMS (USA) INC.          :
                                        :
      **Plaintiff,**           :
                                        :
      *v.*                     :    No. 20-cv-00124
                                        :
THE UNITED STATES,                      :
                                        :
      **Defendant.**           :
---------------------------------------------------------------------- X

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

NEVILLE PETERSON LLP
*Counsel for Plaintiff Cyber Power Systems (USA) Inc.*

John M. Peterson
Patrick B. Klein
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Richard F. O'Neill
701 Fifth Ave. Ste. 4200-2159
Seattle, WA 98104
(206) 905-3648
roneill@npwny.com

Dated: July 11, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, SENIOR JUDGE
------------------------------------------------------------------- X
CYBER POWER SYSTEMS (USA) INC.          :
                                         :
      **Plaintiff,**                        :
                                         :
*v.*                                     :        No. 20-cv-00124
                                         :
THE UNITED STATES,                       :
                                         :
      **Defendant.**                       :
------------------------------------------------------------------- X

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

This Memorandum of Points and Authorities is submitted in support of plaintiff's motion in limine requesting that at trial of this action, which is scheduled to commence on August 8, 2022 plaintiff be permitted to introduce the direct testimony of its witness Chi Ting (Tim) Huang in writing. "The use of written testimony is an accepted and encouraged technique for shortening bench trials." *Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir. 1989). Plaintiff submits that, under USCIT R. 43, FRE 611 and as recognized by federal appellate and district courts across the country, the submission of Mr. Huang's written direct testimony will fulfill the spirit of Rule 1 of the Rules of the United States Court of International Trade, and will conserve judicial time and resources at the bench trial in this case.

### FACTUAL BACKGROUND

Plaintiff commenced this action to contest U.S. Customs and Border Protection ("Customs" or "CBP") denial of plaintiff's exclusion protest regarding the proper country of origin marking of five uninterruptible power supplies ("UPS") and one surge voltage protector ("SVP") produced at the Cyber Power Systems Manufacturing Inc. (CPSMI) plant in Metro Manila, the Philippines. The issue presented is whether the operations performed at CPSMI effected a

"substantial transformation," resulting in the creation of new and different articles of commerce, having a name, character or use different than its constituent materials, such that the goods were properly marked "Made in Philippines." *United States v. Gibson-Thomsen Co.*, 27 CCPA 267 (1940). Mr. Huang was disclosed as a potential witness to the Defendant in Plaintiff's Supplemental Initial Disclosures, dated August 4, 2020. The defendant did not issue a notice of deposition for Mr. Huang, only for a USCIT R. 30(b)(6) witness from the plaintiff. Mr. Huang submitted affirmations in support of Plaintiff's Motion for Summary Judgment, *see* 48-4, and in support of Plaintiff's response brief, *see* ECF 67-1.

This Court denied the parties' cross-motions for summary judgment because "the factual details as to the extent and nature of Cyber Power's operations regarding the subject merchandise in the Philippines also remain in dispute." *Cyber Power Systems (USA), Inc. v. United States*, Court No 20-124, Slip Op. 22-17 (Feb. 24, 2022) at 18. Mr. Huang, as General Manager of the manufacturing plant in the Philippines, will testify as to the manufacturing operations performed at the factory in the Philippines. Mr. Huang is a native of Taiwan, and his native language is Taiwanese Mandarin He is not a native English speaker and will require the use of a translator in his oral testimony before the Court.

## ARGUMENT

I. **The Use of Written Direct Testimony Will Conserve Judicial and Counsel Resources During the Bench Trial of this Action**

USCIT R. 43(a) provides that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." FRE 611(a) provides that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to … avoid wasting time." "District courts have considerable discretion in the management of

trials." *Manley v. AmBase Corp.,* 337 F.3d 237, 249 (2d Cir. 2003). To this end, "the use of written testimony is an accepted and encouraged technique for shortening bench trials." *Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 889 F.2d 224, 232 (9th Cir. 1989).

The "Ninth Circuit has expressly approved bench trials based on written submissions … holding that the bankruptcy court's standard procedure of requiring that direct testimony be presented by written declaration, while permitting oral cross-examination and redirect in open court, offended neither due process nor Federal Rule of Evidence 611(a)—which authorizes the district court to control the 'mode' of presenting direct testimony." *Ball v. Interoceanica Corp.*, 71 F.3d 73 (2d Cir. 1995) (citing *In re Adair*, 965 F.2d 777, 779 (9th Cir. 1992)). Many judges, including a majority of those seated on the Southern District of New York ("SDNY"), have made the submission of written direct testimony *mandatory*.[1] Under the applicable Court rules and the FRE, it is wholly within this Court's discretion to accept the written testimony for trial.

It is not too much to say that, for district courts nationwide, the use of written direct testimony in bench trials has become the rule, rather than the exception.

Plaintiff submits that, under the circumstances presented here, the use of written direct testimony for Mr. Huang would conserve time and promote the efficiencies contemplated by USCIT R. 1. Mr. Huang is not a native English speaker and will require a translator to testify. The use of a translator will increase the time required for any in-court examination of Mr. Huang. "It is the court's experience that live testimony given in a foreign language demands significantly more time from the Court given that the questions and answers need to be translated, and often

---

[1] Quinn Emanuel Urquhart & Sullivan, LLP, May 2019 Trial Practice Update, (June 14, 2019) https://www.jdsupra.com/legalnews/may-2019-trial-practice-update-71690/ (last visited Jul. 8, 2022).

times repeated." *In re W. Caribbean Airways*, 2007 WL 9706065 at *7 (S.D. Fla. Nov. 13, 2007). Much of the testimony Mr. Huang will give is technical in nature. In addition, plaintiff's counsel has experience with using Mandarin translators in court proceedings, and notes that Mandarin translations can be particularly difficult given the many dialects of this language. In many cases, a witness and a translator may use different definitions for the same pictograph. Plaintiff submits that this issue will arise in the direct testimony of Mr Huang because he is a non-native English speaker. As the District Court in *Caribbean Airways* noted, time at trial will be wasted because "questions and answers will need to be translated and often repeated." *Id.*

In addition, allowing written direct testimony will reduce stress and fatigue on Mr. Huang, who is not an experienced witness and will be testifying after a 7,000-mile journey spanning 12 time zones. Consideration for the witness also favors the use of written direct testimony. Allowing the use of written direct testimony by Mr. Huang will also limit the possibility of delays caused by COVID exposure or a positive test which could encumber the trial schedule. In addition, the availability of written direct testimony will expedite trial in the event that any COVID-related delays arise.

The Second Circuit has favored "the procedure allowing the parties to produce direct evidence from their witnesses in writing while permitting subsequent oral cross-examination-- particularly when the parties agree to that procedure in advance." *Ball*, 71 F.3d 73, 77 (1995). The Court has discretion whether to require that direct testimony be submitted in narrative form or question-and-answer form. *New Corp. v. Hyundai Elecs. Ind. Co.*, 30 F. Supp. 2d 546 (E.D. Va. 1998). The witness will adopt his testimony orally in open court. *See Madrigal v. United States*, 2021 U.S. Dist. LEXIS 80684 at *12-13 (C.D. Ca. 2021). Moreover, in general, courts can make determinations of credibility based on the cross examination of a witness relative to his or her

written direct testimony, *In re Hawaii Telecom Comms. Inc.*, 430 B.R. 564, 580 (D. Hi. 2009), and can weigh any conflicts between written testimony and testimony given orally in open court. *See Minicube Corp. v. Keymark Inc.*, 123 B.R. 86, 94 FN 7(D. Co. 1991)[2].

In *Kuntz v. Sea Eagle Diving Adventures Corp.*, 199 F.R.D. 665, 666 (D. Hi. 2001), the court noted:

> The submission of written direct testimony, especially when not controverted, has shortened trials. Many witnesses have testified for only a few minutes or have had their testimony accepted without any cross-examination. Besides allowing the introduction of evidence in a succinct manner, the Declarations Procedure allows counsel to present direct testimony in a measured and complete manner and reduces the possibility that vital testimony will fail to be presented.

> The court has found that live cross-examination and live redirect examination of witnesses have provided ample opportunity for this court to assess their demeanor and credibility. When parties have chosen not to cross-examine a witness, credibility of that particular witness has not been in question.

In this case, the government has indicated that it does not consent to the use of written testimony, but has provided plaintiff no sound reason for its objection. Evaluation of witness demeanor is virtually impossible when the witness testifies in a foreign language, and the words placed on the trial transcript are spoken by a translator. The government's objection is not principled,[3] and has no basis in case law.

"The Court can adequately assess witness credibility through written declarations as well as during live cross-examination." *Madrigal v. United States*, 2021 U.S. Dist. LEXIS 80684 at *2

---

[2] As noted in *Kuntz v. Sea Eagle Diving Adventures Corp.*, 199 F.R.D. 665, 671(D. Hi. 2001) (emphasis added):

> The court can also imagine that, in certain circumstances, emotional distress will so debilitate a party that the court may need live direct testimony to assess that damage. **In the typical case, however, the court can make its assessment based on written direct testimony, live cross-examination, and live redirect testimony**. Kuntz makes no showing that his is a case in which this is not possible.

[3] Requiring live testimony of Mr. Huang without good cause also violates USCIT R. 1, in that it multiplies time and expense for the parties. Translators typically charge about $1,800 per day for their services. Two days of live direct testimony using a translator would cause plaintiff to incur $3,600 in trial costs in an already expensive trial.

(C.D. Cal. 2021). This scenario is the exact same as the scenario presented in this case. There will be ample opportunity to assess the witness's credibility through his written statement and his live cross and re-direct examinations.[4]

**CONCLUSION**

For the reasons set forth herein, Plaintiff, Cyber Power Systems (USA), Inc., respectfully submits that the Court should grant its motion in limine and allow for the submission of written direct testimony from Chi-Ting Huang in the form prescribed by the Court.

Respectfully submitted,

NEVILLE PETERSON LLP
*Counsel for Plaintiff*

/s/ John M. Peterson
John M. Peterson
Patrick B. Klein
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

/s/ Richard F. O'Neill
Richard F. O'Neill
701 Fifth Ave. Ste. 4200-2159
Seattle, WA 98104
(206) 905-3648
roneill@npwny.com

Dated: July 11, 2022

---

[4] The Court itself is also free to pose questions to the witness regarding his written direct testimony.

```
UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LEO M. GORDON, SENIOR JUDGE
------------------------------------------------------------------ X
CYBER POWER SYSTEMS (USA) INC.          :
                                         :
         Plaintiff,                      :
                                         :
         v.                              :    No. 20-cv-00124
                                         :
THE UNITED STATES,                       :
                                         :
         Defendant.                      :
------------------------------------------------------------------ X
```

# CERTIFICATE OF COMPLIANCE

Pursuant to the U.S. Court of International Trade Standard Chambers Procedures, and in reliance upon the word count feature of the word processing program used to prepare the instant Memorandum, I, Patrick B. Klein, of Neville Peterson LLP, who is responsible for the instant Memorandum, certify that it contains 1,688 words.

                                              Respectfully submitted,

                                              /s/ Patrick B. Klein
                                                   Patrick B. Klein