UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. LEO M. GORDON, *SENIOR JUDGE*

_____
                                                                          :
CYBER POWER SYSTEMS (USA) INC.,                 :
                                                                          :
                                          Plaintiff,            :
                                                                          :
                          v.                                      :          Court No. 20-00124
                                                                          :
UNITED STATES,                                              :
                                                                          :
                                          Defendant.         :
_____:

### <u>ORDER</u>

Upon consideration of defendant's response to plaintiff's motion *in limine* to allow the written direct testimony of Chi-Ting ("Tim") Huang at trial, and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that plaintiff's motion be, and hereby is, denied; and it is further

**ORDERED** that all testimony from Chi-Ting ("Tim"), if any, shall occur live in open Court during the course of the trial.


_____
                                        JUDGE


Dated: _____
           New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. LEO M. GORDON, *SENIOR JUDGE*

_____

|  |  |  |
|---|---|---|
| CYBER POWER SYSTEMS (USA) INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 20-00124 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

_____ :

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO ALLOW THE <u>WRITTEN DIRECT TESTIMONY OF CHI-TING ("TIM") HUANG</u>

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-in-Charge
International Trade Field Office

BEVERLY A. FARRELL
Senior Trial Attorney
LUKE MATHERS
Trial Attorney
Civil Division, Department of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
Tel. (212) 264-9230 or 0483
*Attorneys for Defendant*

Dated:  July 21, 2022

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 2

ARGUMENT ...................................................................................................... 6

I.   THE COURT SHOULD DECLINE PLAINTIFF'S REQUEST TO SUBMIT
     WRITTEN DIRECT TESTIMONY FOR MR. HUANG ...................................... 6

     A.  Rule 43(a) of the USCIT Rules and the Federal Rules of Civil Procedure ...................... 6

     B.  The Federal Rules of Evidence .......................................................... 8

     C.  Federal Statute .......................................................................... 9

     D.  Cyber Power's Position Is Unpersuasive ................................................ 10

II.  EVEN IF THE COURT IS INCLINED TO CONSIDER WRITTEN DIRECT
     TESTIMONY AT TRIAL, IT SHOULD NOT DO SO HERE ............................... 12

     CONCLUSION ............................................................................ 15

# TABLE OF AUTHORITIES

## Cases

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ........................................................................................................ 10

*Ball v. Interoceanica Corp.*,
  71 F.3d 73 (2d Cir. 1995) ............................................................................................... 11

*Ball v. Interoceanica Corp.*,
  867 F. Supp. 226 (S.D.N.Y. 1994) ................................................................................. 11

*GPX Int'l Tire Corp. v. United States*,
  587 F. Supp. 2d 1278 (Ct. Int'l Trade 2008) .................................................................. 9

*In re Adair*,
  965 F.2d 777 (9th Cir. 1992) ............................................................................... 8, 11, 13

*In re Hawaii Telecom Commcn's, Inc.*,
  430 B.R. 564 (Bankr. D. Haw. 2009) ............................................................................. 13

*Ji v. Jling Inc.*,
  No. 15-CV-4194 (SIL), 2017 WL 6501865 (E.D.N.Y. Dec. 19, 2017) ...................... 7, 8, 13

*Leatherman v. Tarrant Cty. Narcotics Intel. & Coordination Unit*,
  507 U.S. 163 (1993) ......................................................................................................... 7

*Malone v. U.S. Postal Service*,
  833 F.2d 128 (9th Cir. 1987) .......................................................................................... 11

*Meyer Corp. U.S. v. United States*,
  Court No. 13-00154 ......................................................................................................... 2

*Phonetele, Inc. v. Am. Tel. & Tel. Co.*,
  889 F.2d 224 (9th Cir. 1989) .......................................................................................... 11

*Saverson v. Levitt*,
  162 F.R.D. 407 (D.D.C. 1995) ....................................................................................... 13

*Traylor v. Husqvarna Motor*,
  988 F.2d 729 (7th Cir. 1993) ........................................................................................... 9

*United States v. Am. Tel. & Tel. Co.*,
  83 F.R.D. 323 (D.D.C. 1979) ......................................................................................... 10

*Wal-Mart Stores, Inc. v. Dukes,*
  564 U.S. 338 (2011) ............................................................................................ 10

*Walton v. United Consumers Club, Inc.,*
  786 F.2d 303 (7th Cir. 1986) ........................................................................ 8, 9, 11


## **Statutes**

19 U.S.C. § 1581(a) ............................................................................................... 1

28 U.S.C. § 2641(a) .......................................................................................... 9, 12


## **Rules**

Fed. R. Civ. P. 31 .................................................................................................. 8

Fed. R. Civ. P. 43 ...................................................................................... 6, 7, 9, 14

Fed. R. Evid. 604 ................................................................................................ 14

Fed. R. Evid. 611(a)(1) ........................................................................................ 14

Fed. R. Evid. 801(c) .............................................................................................. 8

Fed. R. Evid. 902(12) ............................................................................................ 4

Fed. R. Evid. 902(13) ............................................................................................ 5

Federal Rule of Civil Procedure 43(a) ............................................................ 6, 11, 14

Federal Rule of Evidence 611(a) ........................................................................... 10

USCIT Rule 1 ..................................................................................................... 10

USCIT Rule 31 ............................................................................................ 8, 12, 13

USCIT Rule 43(a) .......................................................................................*passim*


## **Other Authorities**

*9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2414*
  (3d ed. 2022) ...................................................................................................... 7

*Individual Rules of Practice in Civil Cases* (Feb. 3, 2020),
https://www.nysd.uscourts.gov/hon-paul-g-gardephe (Last accessed July 21, 2022) ........... 12

*The Sedona Conference Commentary on ESI Evidence & Admissibility, Second Edition A Project of The Sedona Conference Working Group on Electronic Document Retention & Production (WG1) July 2020.* (Last accessed July 21, 2022) .................................................................. 5

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. LEO M. GORDON, *SENIOR JUDGE*

_____
                                        :
CYBER POWER SYSTEMS (USA) INC.,         :
                                        :
                        Plaintiff,      :
                                        :
            v.                          :        Court No. 20-00124
                                        :
UNITED STATES,                          :
                                        :
                        Defendant.      :
_____:

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO ALLOW THE WRITTEN DIRECT TESTIMONY OF CHI-TING ("TIM") HUANG

This memorandum is respectfully submitted in opposition to plaintiff Cyber Power

Systems (USA) Inc.'s (Cyber Power's) motion *in limine* to allow Cyber Power to introduce the

direct testimony of its witness Chi-Ting ("Tim") Huang in writing to "fulfill the spirit of Rule 1"

of this Court and conserve judicial time and resources.  Pl. Br. at 1.  For the reasons that follow,

Cyber Power's motion should be denied.

### INTRODUCTION

Cyber Power sought to enter a single entry covering the merchandise at issue: 5 models

of universal power supplies (UPS); and one model of surge voltage protector (SVP).  Each was

marked with the Philippines as the country of origin of the Philippines.  On April 10, 2020, U.S.

Customs and Border Protection (CBP) detained the entry and instructed Cyber Power to enter the

goods as products whose country of origin is China.  Cyber Power protested the exclusion of the

goods.  CBP denied the protest due to insufficient documentation to change the country of origin

from China to the Philippines.  Cyber Power commenced this action pursuant to 19 U.S.C.

§ 1581(a) on June 22, 2020 by filing a summons and on June 29, 2020 filed its complaint.

On July 7, 2020, Cyber Power filed a motion for entry of a preliminary injunction seeking the release of the subject merchandise without requiring its remarking. The Court issued a scheduling order on July 14, 2020 setting, among other things, deadlines for discovery request responses by September 3, 2020 and depositions by September 10, 2020. On September 2, 2020, the Court denied Cyber Power's motion for a preliminary injunction. The parties filed cross-motions for summary judgment, and the Court issued its decision denying the cross-motions on February 24, 2022. The action then moved into the trial preparation phase, with trial set to begin August 8, 2022.

## **BACKGROUND**

At a conference with the Court on June 29, 2022, Cyber Power for the first time suggested that the trial testimony of Mr. Huang, the general manager of Cyber Power Systems Manufacturing Inc. (CPSMI) should be provided through written direct testimony. Cyber Power explained that, because Mr. Huang does not speak English and will need a translator, the time needed for trial could be reduced through the device of written direct testimony. At that time, the Government held in abeyance its position on Cyber Power's suggestion. However, the Government noted that a trial in a separate case concerning valuation and the generalized system of preferences was able to be completed in one week, *see, e.g., Meyer Corp. U.S. v. United States*, Court No. 13-00154, and that trial included testimony from five witnesses for plaintiff (two of whom required a translator, one of whom had a translator on standby as English was her second language, and one of whom was an expert) and testimony from one Government witness.

Further, during that conference, Cyber Power advised the Court that it intended to call three witnesses, one of whom would be Mr. Huang. The Government advised the Court that it intended to call two witnesses.

After the conference, the Government gave further consideration to Cyber Power's proposal concerning Mr. Huang's testimony.  Early on July 1, 2022, we informed Cyber Power's counsel via email that:

> we are not going to consent to the proposal that Mr. Huang's direct testimony be provided as a written direct.  Although it may take a little more time, we believe Mr. Huang should provide his direct testimony before the Court.  This is the ordinary course in trials with foreign speakers, and allows the Court to assess the credibility of the witness and to rule on objections in real time.

In connection with the summary judgment briefing, Cyber Power offered three affirmations from Mr. Huang.  *See* Docket Nos. 48-4 at 39-43 (Huang A), 67-1 (Huang B), and 67-2 (Huang C).  Huang A is written in English and consists of 8 paragraphs, including paragraph 7, which contains "a tabular description of the activities being depicted in the video Exhibit."  The affirmation appears to be signed in Mandarin with the name "Chi-Ting ('Tim') Huang" stated below.  There is no mention that Mr. Huang drafted this document in Taiwanese Mandarin and had it translated.  Nor is a translation appended to this document.

Huang B is written in English and contains 5 paragraphs, and is attached to a "Certification" from Atty. Romer Pio R. Valdenarro, Notary Public Until December 31, 2022.  Mr. Valdenarro's Certification states that Mr. Chi-Ting ("Tim") Huang, General Manager of Cyber Power Systems Incorporated[1] located in General Trias City, Cavite, Philippines "personally signed in my presence the 'First Affirmation of Chi-Ting ('Tim') Huang in Support of Plaintiff's Motion for Summary Judgment," a document composed of three pages, "and he also affirmed to me that he knew and fully understood the contents of the aforementioned document and he likewise attested to me under oath and under the penalty of perjury that all

---

[1] It appears the Valdenarro Certification inadvertently omitted the word "Manufacturing" from this name.

contents thereof are true and correct based on his personal knowledge and the authentic records in his and Cyber Power System's Inc.'s[2] custody and/or possession."  The last page of Huang B reflects Mr. Valdenarro's seal and signature.  This document indicates that Mr. Huang speaks English as Mr. Valdenarro is clear that Mr. Huang affirmed to him that he knew and understood the contents of this English document.  We know this document is in English because Mr. Valdenarro signed it and the *pro forma* notary information associated with Mr. Valdenarro is in English.

Huang C is written in English, contains 25 paragraphs and 5 Exhibits, all of which are in English except for Exhibit D.  Exhibit A to Huang C is an October 9, 2018 letter in English from Mr. Huang to Atty. Norma B. Tanag, the Zone Administrator of the Cavite Economic Zone. Exhibit B is an email exchange in English on which Mr. Huang is cc'd.  Once again, there is a Valdenarro Certification stating that Mr. Huang "affirmed to me that he knew and fully understood the contents of the aforementioned document and he likewise attested to me under oath and under the penalty of perjury that all contents thereof are true and correct based on his personal knowledge and the authentic records in his and Cyber Power System's Inc.'s[3] custody and/or possession."  We know the referenced Huang C, to which Mr. Huang affirmed understanding its contents, is in English because Mr. Valdenarro signed it and the *pro forma* notary information associated with Mr. Valdenarro is in English.

Finally, on July 15, 2022, after we filed the last of our motions *in limine*, including one regarding unauthenticated, hearsay, and untranslated documents, Cyber Power provided us with a purported Federal Rule of Evidence 902(12) certification of Chi Ting [sic] (Tim) Huang (the

---

[2] Similarly, it appears that the word "Manufacturing" was inadvertently omitted from this name.
[3] It appears the word "Manufacturing" was inadvertently omitted from this name.

Huang Certification).[4]  The Huang Certification like Huang A, Huang B, and Huang C is attached to a Valdenarro Certification stating that Mr. Huang "affirmed to me that he knew and fully understood the contents of the aforementioned document and he also attested to me under oath and under the penalty of perjury that all contents thereof are true and correct based on his personal knowledge and the authentic records in his and Cyber Power System's Inc.'s[5] custody and/or possession."  We know the referenced Huang Certification, to which Mr. Huang affirmed understanding its contents, is in English because Mr. Valdenarro signed it and the *pro forma* notary information associated with Mr. Valdenarro is in English.

    At no time has Cyber Power provided the Government with translations associated with any of the Huang affirmations or the Huang Certification.

_____

[4] Missing from Mr. Huang's proposed certification is the statement required by Fed. R. Evid. 902(12) that the exhibits were made at or near the time by someone with knowledge.  Moreover, Mr. Huang states that the documents he references are **maintained** on an enterprise software system of Cyber Power Systems, Inc. in Taiwan and on the enterprise software system of CPSMI.  However, Mr. Huang does not claim that these documents were generated by CPSMI's system.  And Cyber Power's Rule 30(b)(6) witness testified that the bill of materials exhibits and flow chart exhibits are generated by Cyber Power Taiwan's employees from data on the Taiwan system.  Finally, the Huang Certification fails to comply with Fed. R. Evid. 902(13).  Rule 902(13) provides that "certified records generated by an electronic process or system" may be self-authenticating where such records are "generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12)."  In seeking to authenticate evidence based on this rule, an affiant should describe the electronic process or system used to generate the information. *See* https://thesedonaconference.org/sites/default/files/publications/Sedona%20ESI%20Evidence%20Public%20Comment%20July%202020.pdf at page 8.  Specifically, "the affiant should describe: (i) the system from which the reports were generated; (ii) the process by which the data that was used to generate the statements was gathered, processed, and stored; and (iii) the process by which the statements or reports sought to be admitted were generated and produced for the litigation." *Id*.  Further, the affiant must describe the system or process with enough specificity to satisfy the court and opponent as to the authenticity of the proffered evidence, and to establish that the proffered evidence "has not been altered from the form in which it was maintained in the ordinary court of business." *Id*.  This failure invalidates Mr. Huang's Certification
[5] We believe the word "Manufacturing" was inadvertently omitted from this name."

Notwithstanding three English affirmations and one English certification made by Mr. Huang, Cyber Power seeks to present his direct testimony in writing to conserve judicial time because Mr. Huang would need a translator to testify in Court.[6]

## ARGUMENT

## I.   THE COURT SHOULD DECLINE PLAINTIFF'S REQUEST TO SUBMIT WRITTEN DIRECT TESTIMONY FOR MR. HUANG

No rule of the USCIT Rules, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or federal statute specifically allows for written direct testimony at trial. The law instead requires oral, in-person testimony.

### A.  Rule 43(a) of the USCIT Rules and the Federal Rules of Civil Procedure

For example, USCIT Rule 43(a) provides that testimony at trial "must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." The one exception is for "testimony in open court by contemporaneous transmission from a different location," but the Court may allow such transmission only upon a showing of "good cause in compelling circumstances and with appropriate safeguards" put in place. USCIT Rule 43(a)

USCIT Rule 43(a) is identical to Federal Rule of Civil Procedure 43(a), a longstanding rule mandating in-court witness testimony. Rule 43 originally required that all testimony be given "orally" in open court, thereby "abolish[ing] in patent and trade-mark actions, the practice under [former] Equity Rule 48 of setting forth in affidavits the testimony in chief of expert

---

[6] Plaintiff's Rule 30(b)(6) witness testified that English is a major language in the Philippines, Docket No. 61-1 at 18 of 49 (page 62:2-5), and Mr. Huang serves as the General Manager of CPSMI where he has "supervisory responsibility for all activities carried on at the plant" in the Philippines. That Cyber Power submitted English affirmations and a certification on his behalf suggests that he likely speaks and understands some level of English.

witnesses whose testimony is directed to matters of opinion." Fed. R. Civ. P. 43 advisory committee's note, 1937. The Rule was amended in 1996 to allow testimony "in open court by other means if the witness is not able to communicate orally," such as through "[w]riting or sign language," and to create the exception for contemporaneous transmission of testimony from elsewhere for good cause. *Id.* advisory committee's note to 1996 amendment. In creating that limited exception, the advisory committee emphasized that "[t]he importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." *Id.*; *Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2017 WL 6501865, at *2 (E.D.N.Y. Dec. 19, 2017). "Indeed, according to the Committee Note, the use of deposition testimony is 'superior' to remote transmission because deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying." *Ji*, 2017 WL 6501865, at *2 (quoting Fed. R. Civ. P. 43, advisory committee's note to 1996 amendment).

The "rule" at bench trials, then, is not "the use of written direct testimony," as Cyber Power asserts. Motion at 3. Rather, the rule at *all* trials is that witnesses must provide their testimony—including direct testimony—in open court, unless the witness is physically incapable of doing so. Written direct testimony at bench trials is no exception. Rule 43(a)'s very purpose was to abolish a prior rule that permitted witnesses to present written direct testimony ("testimony in chief"). And the sole exception that Rule 43(a) lists, to the necessary exclusion of any unwritten exceptions, is for contemporaneous transmission of live testimony. *See Leatherman v. Tarrant Cty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993) (applying the canon *expressio unius est exclusio alterius* in interpreting a Federal Rule of Civil Procedure); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

§ 2414 (3d ed. 2022) ("The only exceptions [to Rule 43(a)] are those which have been formalized and defined.").

Moreover, the Rules' drafters know how to authorize written testimony when they want to. Indeed, they amended Rule 43(a) to permit written testimony when a witness is incapable of testifying orally—but not merely for reasons of convenience. Similarly, Rule 31 allows depositions by written questions and prescribes detailed procedures for them: for instance, questions must be served in advance, and an officer must take the deponent's testimony in accordance with normal deposition rules. USCIT Rule 31; Fed. R. Civ. P. 31. But there is no corresponding provision in any USCIT Rule or Federal Rule of Civil Procedure permitting written direct testimony at a bench trial, which would surely require just as many (if not more) safeguards than deposition-by-written-question. *See Ji*, 2017 WL 6501865, at *2 (deposition procedures, unlike out-of-court testimony, at least "ensure the opportunity of all parties to be represented while the witness is testifying"). Although the advisory committee *proposed* just such an exception in 1991, purporting to clarify that the Rules allow written direct testimony at bench trials, *In re Adair*, 965 F.2d 777, 779 & n.2 (9th Cir. 1992), but that proposal was rejected. No existing USCIT Rule of Federal Rule of Civil Procedure, therefore, allows written direct testimony at bench trials.

## B. The Federal Rules of Evidence

Nor do the Federal Rules of Evidence allow a court to receive a witness's written direct testimony. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 313 (7th Cir. 1986) ("Fed. R. Civ. P. 43(a) states that testimony shall be taken orally in open court; the use of the interrogatories in lieu of oral testimony could occur only if supported by a rule of evidence."). "Any 'statement' (defined as an 'oral or written assertion') 'other than one made by the declarant

while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted' is hearsay.'" *Id.* (quoting Fed. R. Evid. 801(c)).  Direct testimony written out before trial, like any other prior written statement, is inadmissible hearsay.  *GPX Int'l Tire Corp. v. United States*, 587 F. Supp. 2d 1278, 1285 (Ct. Int'l Trade 2008) (a plaintiff's witness's "declaration, obviously, is pure hearsay").  Such written statements are not "made while testifying," and the fact that the witness "is available for cross-examination" is irrelevant. *Walton*, 786 F.2d at 313.  Simply put, "[t]he defendant is entitled to insist that the plaintiff[] prove [its] case out of … current recollections and evidence that is admissible," *id.*, and written direct testimony is neither of those.

### C. <u>Federal Statute</u>

Cyber Power does not point to any federal statute that permits written direct testimony during a bench trial before this Court, nor could it.  In fact, 28 U.S.C. § 2641(a) suggests that live testimony is mandatory.  That statute provides that, "[e]xcept as otherwise provided by law, in any civil action in the Court of International Trade, each party and its counsel shall have an opportunity to introduce evidence, *to hear and cross-examine the witnesses of the other party*, and to inspect all samples and papers admitted or offered as evidence, as prescribed by the rules of the court."  *Id.* § 2641(a) (emphasis added).  The Government cannot have its opportunity to "hear" Mr. Huang if his direct testimony is written out in advance and offered into evidence with little more than a formalistic adoption.  *See* Motion at 4.  Live testimony is more than the sum of the words recorded in a cold transcript.  *Traylor v. Husqvarna Motor*, 988 F.2d 729, 734 (7th Cir. 1993) ("Psychologists and decision theorists point out, what is anyway common sense, that a living person generally conveys a stronger impression than does his resume, or a transcript of his remarks.").  Plus, "[t]he very ceremony of trial and the presence of the factfinder may exert a

powerful force for truthtelling."  Fed. R. Civ. P. 43, advisory committee's note to 1996 amendment.

**D.  Cyber Power's Position Is Unpersuasive**

For its part, Cyber Power relies on Federal Rule of Evidence 611(a) and USCIT Rule 1, Motion at 2–4, but neither Rule contemplates the use of written direct testimony at a bench trial despite USCIT Rule 43(a)'s mandate.  USCIT Rule 1 simply exhorts that all USCIT Rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination" of proceedings.  Federal Rule of Evidence 611(a) provides, in a similarly broad exhortation, that judges "should exercise reasonable control over the mode … of examining witnesses and presenting evidence" to "make those procedures effective for determining the truth" and to "avoid wasting time," among other things.

No doubt all trials would be speedier and inexpensive if, as in some administrative adjudications, rules of procedure and evidence did not apply.  Neither Federal Rule of Evidence 611(a) nor USCIT Rule 1, however, authorizes judges to admit inadmissible hearsay into evidence or otherwise craft exceptions to which the Rules' drafters did not agree.  "Federal Rules take effect after an extensive deliberative process involving many reviewers: a Rules Advisory Committee, public commenters, the Judicial Conference, [the Supreme] Court, the Congress. The text of a rule thus proposed and reviewed limits judicial inventiveness."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (citation omitted); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 363 (2011) (courts may not invent procedures that have "no basis in the Rule's text" even if there is no language expressly prohibiting them).

USCIT Rule 43(a)—which specifically addresses witness testimony at trial and therefore governs over any more general Rule—admits of no bench-trial exception.  *United States v. Am.*

*Tel. & Tel. Co.*, 83 F.R.D. 323, 339 (D.D.C. 1979) ("The Court has found no provision in the Rules to contradict the express mandate of Rule 43(a). [Rule 1's admonition] that the Rules 'be construed to secure the just, speedy, and inexpensive determination of every action' falls short of being such a provision, for that general statement can hardly be regarded as overriding the specific direction of Rule 43(a) and the historic practice in the courts of this nation."). The fact that USCIT Rule 43(a) adopts Federal Rule of Civil Procedure 43(a) wholesale for a Court that almost exclusively holds bench trials reinforces that there is no exception to the live-testimony rule.

While it is true that some courts of appeals have permitted or even encouraged written direct testimony at bench trials, *see* Motion at 3–5, those courts have often relied in part on the parties' consent. Take *Ball v. Interoceanica Corp.*, 71 F.3d 73 (2d Cir. 1995) (*per curiam*), for example, on which Cyber Power relies. There, the trial court held a bench trial *entirely* on the papers, a form of trial to which the parties consented. *Id.* at 77; *Ball v. Interoceanica Corp.*, 867 F. Supp. 226, 228 (S.D.N.Y. 1994) ("The case was submitted to the Court for decision on a written trial record."). And where consent is lacking, appellate courts rely on harmless error. For instance, although *In re Adair* extolled the virtues of written testimony as a tool for clearing crowded bankruptcy dockets, it affirmed the trial court on harmless error grounds because such testimony is inadmissible hearsay. 965 F.2d at 779–80 (citing *Walton*, 786 F.2d at 313).[7]

---

[7] Cyber Power's reliance on *Phonetele, Inc. v. Am. Tel. & Tel. Co.*, 889 F.2d 224 (9th Cir. 1989), Motion at 1, 3, is misplaced. *Phonetele*, like *Adair*, is a harmless-error case. There, the appellant contended that it was prejudiced not by a written-direct-testimony procedure itself but rather by the trial court's four-year delay in deciding a case where the appellee offered written testimony and the appellant offered live testimony. *Id.* at 231–32 ("According to Phonetele, AT & T's written direct testimony 'assumed an importance far eclipsing the testimony of live witnesses and substantial documentary evidence presented by Phonetele' as the years passed and the district judge's memory dimmed."). So while the court did mention that "[t]he use of written testimony is an accepted and encouraged technique for shortening bench trials," it did so in

While some lower courts have understood cases like *Ball* and *Adair* to mean that written direct testimony is always permissible in a bench trial, the reading more consistent with the Federal Rules—and here, with 28 U.S.C. § 2641(a)—is that written direct testimony is prohibited absent consent or lack of prejudice.[8]  Neither of those conditions are present here with respect to Mr. Huang, who has previously sworn that he understands affidavits written in English, who was not deposed in this case, and from whom Cyber Power seeks to elicit written testimony without safeguards comparable to those of USCIT Rule 31.

## II.   EVEN IF THE COURT IS INCLINED TO CONSIDER WRITTEN DIRECT TESTIMONY AT TRIAL, IT SHOULD NOT DO SO HERE

Even if the USCIT Rules, the Federal Rules of Evidence, or a federal statute did authorize the use of written direct testimony at trial—which they do not—the Court should decline to permit it in this case.  USCIT Rule 43(a) requires "good cause" to depart from the live-testimony rule, but good cause is absent here.

As discussed, Mr. Huang is one of only three witnesses that Cyber Power intends to present at trial, each of whom is presumably important to Cyber Power's case, and the Government plans to call only two witnesses.  Mr. Huang will be appearing in person for cross-

---

holding that the appellant was not prejudiced by the procedure.  *Id.* at 232.  Moreover, the case that *Phonetele* cited for that dictum, *Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987), did not hold that written direct testimony is permissible at trial.  *Malone* instead upheld a pretrial order that required "the parties to submit *proposed* testimony." *Id.* at 133 (emphasis added).
[8] This understanding is consistent with local practice.  The slim majority of judges of the United States District Court for the Southern District of New York who do explicitly permit written direct testimony in bench trials do not, as Cyber Power asserts, "mandat[e]" it.  Motion at 3 & n.1.  For example, Judge Gardephe's Individual Rules of Practice provide that parties in bench trials submit "[a]ffidavits constituting the direct testimony of each trial witness, *except* for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a person for whom a party has requested and the Court has agreed to hear direct testimony during trial." *Individual Rules of Practice in Civil Cases* (Feb. 3, 2020), https://www.nysd.uscourts.gov/hon-paul-g-gardephe (emphasis added).

examination and any redirect examination, and although Cyber Power warrants that he will need

an interpreter, he has already signed three affirmations written in English using the English

version of his name and certified by a notary.  However, in a Court devoted to *international*

trade, testimony from witnesses requiring an interpreter occurs in the normal course.  Indeed, the

example of the *Meyer* trial discussed above is typical.  Given Mr. Huang's apparent facility with

English, his testimony at trial, even if assisted by an interpreter, should not delay the proceedings

significantly.  Therefore, there is no need to sacrifice the value of live testimony, including its

ability to allow for the rehabilitation of evidentiarily unsound questions in real time, in exchange

for minor time saving.

Furthermore, Mr. Huang was never deposed, meaning that he will be offering his

testimony for the first time in this case away from Government counsel and without any of the

protections that USCIT Rule 31 affords.  *See Ji*, 2017 WL 6501865, at *2.  If good cause does

not exist under USCIT Rule 43(a) to permit Mr. Huang to testify remotely, as Cyber Power

apparently concedes in bringing Mr. Huang to New York for trial, it is difficult to see why a

departure from this Rule is warranted for his direct testimony alone.  This is not a situation, for

example, in which an Article I bankruptcy court, sitting outside the continental United States, is

trying to receive the testimony of many unavailable witnesses.  *Cf. In re Hawaii Telecom*

*Commcn's, Inc.*, 430 B.R. 564 (Bankr. D. Haw. 2009) (citing the written direct testimony of nine

witnesses); *Adair*, 965 F.2d at 779 (written direct testimony promotes "the efficient functioning

of the crowded bankruptcy courts").[9]  This case has been streamlined to five total witnesses for a

---

[9] Significantly, at issue in *In re Adair* was the bankruptcy court's *standard* procedure requiring that direct testimony be presented by written declaration.  *Saverson v. Levitt*, 162 F.R.D. 407, 408 (D.D.C. 1995).  Therefore, all parties were on notice from the beginning of the litigation that written direct testimony was required and could plan their litigation strategy accordingly. Further, the appellate court noted that the *Adair* bankruptcy judge confirmed factual consistency

four-and-a- half-day trial, and there appears to be little explanation (besides hypothetical travel

issues) as to why Mr. Huang cannot feasibly present his direct testimony live.  Motion at 3–4.

Moreover, that Mr. Huang's written direct testimony will apparently require translation

counsels *against* allowing it, not in favor of it.  Interpreters are witnesses, too, and they must

swear or affirm to the truth of their translations.  Fed. R. Evid. 604 ("An interpreter must be

qualified and must give an oath or affirmation to make a true translation.").  But allowing a non-

court-appointed interpreter to translate Mr. Huang's testimony before trial forgets the

"importance of presenting live testimony in court" that the drafters of Federal Rule of Civil

Procedure 43(a) emphasized—the "powerful force for truthtelling" that the "very ceremony of

trial and the presence of the factfinder may exert," and "[t]he opportunity to judge the demeanor

of a witness face-to-face" which "is accorded great value in our tradition."  Fed. R. Civ. P. 43,

advisory committee's note to 1996 amendment.  All these important considerations would be

cast aside under Cyber Power's proposed procedure, not just for Mr. Huang's direct testimony

but also for its out-of-court translation.  This may save some time at trial, but it would not

promote "procedures effective for determining the truth."  Fed. R. Evid. 611(a)(1).

---

in the proposed declarations.  *Saverson*, 162 F.R.D. at 408.  As discussed *supra*, plaintiff's
motion and the affirmations of Mr. Huang and the certifications of Mr. Valdenarro are
contradictory.

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court deny plaintiff's motion

*in limine* to allow Cyber Power to introduce the direct testimony of its witness Chi-Ting ("Tim")

Huang in writing.

<div style="margin-left: 40%;">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-in-Charge
        International Trade Field Office

/s/ Beverly A. Farrell
BEVERLY A. FARRELL
Senior Trial Attorney
LUKE MATHERS
Trial Attorney
Civil Division, Department of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
Tel. (212) 264-9230 or 0483
*Attorneys for Defendant*

</div>

Dated:  July 21, 2022

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. LEO M. GORDON, *SENIOR JUDGE*

_____
                                                    :
CYBER POWER SYSTEMS (USA) INC.,      :
                                                    :
                             Plaintiff,          :
                                                    :
               v.                                   :        Court No. 20-00124
                                                    :
UNITED STATES,                              :
                                                    :
                             Defendant.       :
_____:

## **CERTIFICATE OF COMPLIANCE**

I, Beverly A. Farrell, a senior trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing Defendant's Response in Opposition to Plaintiff's Motion *In Limine* to All ow the Written Direct Testimony of Chi-Ting ("Tim") Huang, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 4,662 words.

/s/ Beverly A. Farrell
BEVERLY A. FARRELL