Slip. Op. No. 23-76

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CYBER POWER SYSTEMS (USA) INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>                Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 20-00124 |

**MEMORANDUM and ORDER**

Dated: May 16, 2023

     John M. Peterson, Richard F. O'Neill, and Patrick B. Klein, Neville Peterson LLP, of New York, N.Y., for Plaintiff Cyber Power Systems (USA) Inc.

     Luke Mathers, Trial Attorney, and Beverly A. Farrell, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendant United States. With them on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Justin R. Miller, Attorney-in-Charge. Of counsel was Yelena Slepak, Attorney, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, N.Y.

     **Gordon, Judge:** Before the court is Plaintiff's Motion for Partial Reconsideration or Retrial. See ECF No. 161 ("Pl.'s Motion"); see also Defendant's Response in Opposition, ECF No. 162 ("Def.'s Resp."); Plaintiff's Reply, ECF No. 163. Following trial, the court held that Plaintiff failed to carry its burden of proof to (1) overcome the presumption of correctness attached to U.S. Customs and Border Protection's original determination that the subject four models of uninterruptible power supplies and one model of surge voltage protectors were products of the People's Republic of China, and (2) show, by a preponderance of the evidence, that these subject devices were substantially

transformed into products of the Republic of the Philippines. Cyber Power Sys. (USA) Inc. v. United States, No. 20-00124, 47 CIT ___, ___, 2023 WL 2231894, at *1 (Feb. 27, 2023); see also 28 U.S.C. § 2639(a)(1) (establishing statutory presumption of correctness that imposes burden of proof on Plaintiff for contested factual issues).

By its motion, Plaintiff requests reconsideration or retrial under USCIT Rule 59. Pl.'s Motion 1. "[D]isposition of a Rule 59 motion is 'within the sound discretion of the court.'" Since Hardware (Guangzhou) Co. v. United States, 38 CIT ___, ___, 37 F. Supp. 3d 1354, 1359 (2014) (quoting USEC, Inc. v. United States, 25 CIT 229, 230, 138 F. Supp. 2d 1335, 1336 (2001)). "Such motions do not permit an unsuccessful party to re-litigate a case, but are supposed 'to address a fundamental or significant flaw in the original proceeding.'" Id.; see also Ball v. Interoceanica Corp., 71 F.3d 73, 77 (2d Cir. 1995). The standard for determining whether the court's prior decision should be disturbed is "manifestly erroneous." Since Hardware, 38 CIT at ___, 37 F. Supp. 3d at 1359 (quoting USEC, 25 CIT at 230, 138 F. Supp. 2d at 1337). A judgment in a bench trial "should not be set aside except for substantial reasons." 11 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2804 (3d ed. 2023).

Plaintiff's motion fails to identify a manifest error or "a fundamental or significant flaw" in the court's Findings of Fact and Conclusions of Law. Specifically, Plaintiff's motion is premised on the incorrect assumption that the court found that Plaintiff overcame the statutory presumption of correctness attached to Customs' country of origin determination as to five of the six models of subject merchandise. As the court stated in its opinion, Plaintiff "failed in its burden of proof from the outset" with respect to its

Court No. 21-00124 Page 3

preferred country of origin as to these five models.  <u>Cyber Power</u>, 47 CIT at ___, 2023 WL 2231894, at *11 (emphasis added).  Moreover, the court agrees with the reasoning set forth in Defendant's response, which explains in detail why Plaintiff's motion fails.  <u>See</u> Def.'s Resp. 6–10.

      Accordingly, it is hereby

      **ORDERED** that Plaintiff's Motion for Partial Reconsideration or Retrial pursuant to USCIT Rule 59 is denied.

                                          /s/ Leo M. Gordon
                                          Judge Leo M. Gordon

Dated: May 16, 2023
      New York, New York